**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SCOTT JOSEPH WALLACE, )
      Plaintiff, )
      v. )   2:12-cv-979-RCJ-RJJ
)
LAS VEGAS METROPOLITAN POLICE )   **ORDER**
DEPARTMENT, et al., )
      Defendants. )
_____ )

    Currently before the Court is a motion to dismiss (#4) for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, the motion to dismiss (#4) is granted.

**BACKGROUND**

    On May 25, 2012, Plaintiff Scott Wallace drove from his home in Tarzana, California to spend Memorial Day weekend in Las Vegas, Nevada. (Compl. (#1) at 2). Plaintiff alleges that upon crossing the Nevada state line, he observed a helicopter clearly marked with the insignia of the Las Vegas Metropolitan Police Department ("LVMPD") flying above his vehicle. (*Id.*). This helicopter, along with other similarly marked helicopters which occasionally joined it, proceeded to follow Plaintiff until he reached his destination of the Palazzo Hotel and Casino in Las Vegas. (*Id.*). Plaintiff alleges that he later observed as many as five LVMPD helicopters flying above him as he moved along the Las Vegas Strip throughout the weekend. (*Id.* at 3).

    Plaintiff claims that he also suffered from similar harassment beginning in April 2005 from the Los Angeles Police Department and the Los Angeles County Sheriff's Department. (Compl. (#1) at 3). Apparently one of Plaintiff's past girlfriends had previously dated an officer

with the air unit of the Los Angeles Police Department. (*Id.*). Plaintiff believes that this officer conspired with other Los Angeles officers to conduct surveillance of Plaintiff by helicopter in retaliation for Plaintiff dating this officer's former girlfriend. (*Id.*). Plaintiff also alleges that the Los Angeles Police Department used various means of tracking devices to conduct surveillance on Plaintiff through the use of cell phone carriers and that he has had to change his cell phone carrier at least three times due to this surveillance. (*Id.*). Plaintiff believes that the surveillance he allegedly experienced in Las Vegas was a continuation of the malicious conduct initiated against him over 7 years ago in California. (*Id.* at 4).

On June 8, 2012, Plaintiff filed a pro se complaint in this Court against LVMPD and Las Vegas Air Unit. (Compl. (#1) at 1). Plaintiff claims Las Vegas Air Unit is a division of LVMPD, but LVMPD claims that no such division exists. (*Id.*; Mot. to Dismiss (#4) at 7). The complaint lists four causes of action. In the first cause of action, Plaintiff alleges LVMPD unlawfully harassed him by following him with as many as five helicopters during his stay in Las Vegas. (*Id.* at 4-5). Plaintiff alleges in the second cause of action that LVMPD conspired to restrain Plaintiff, to cause him emotional damage, and to substantially injure him. (*Id.* at 5). In the third cause of action, Plaintiff asserts that LVMPD violated 42 U.S.C. § 1983 by infringing on his right to privacy by tracing his movements through the use of cell phone tracking and by car, foot, and helicopter. (*Id.* at 5-6). In Plaintiff's fourth cause of action for declaratory relief, Plaintiff alleges he is entitled to an order from this Court for LVMPD to immediately cease their surveillance of him. (*Id.* at 6). Plaintiff also seeks an order in his fourth cause of action prohibiting LVMPD from destroying or concealing records pertaining to Plaintiff, including documents, emails, personal communications, GPS and cellular data, and communications between LVMPD and the Los Angeles Police Department. (*Id.*).

LVMPD filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on July 5, 2012. (Mot. to Dismiss (#4)). Plaintiff did not file a response to the motion to dismiss.

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

In Plaintiff's first cause of action, he alleges that LVMPD harassed him by following him with as many as five helicopters during his stay in Nevada. (Compl. (#1) at 4-5). Plaintiff is unclear on what legal basis his claim for harassment rests. Nevada law provides for a claim of harassment only under a criminal statute, *see* NEV. REV. STAT. § 200.571(1), and as the present case is civil, Plaintiff cannot rely on this statute to state a claim for relief. *Wellesley v. Chief Fin. Officer*, 2010 WL 2926162, at *1 n.4 (D. Nev. 2010).

Even if a legal basis for his harassment claim did exist, Plaintiff has not plausibly alleged that LVMPD engaged in harassment.  Plaintiff alleges LVMPD followed him by helicopter at the request of the Los Angeles Police Department because he began dating the former girlfriend of an officer with the Los Angeles Police Department over seven years ago. (Compl. (#1) at 3).  Yet Plaintiff has pled no facts leading to the reasonable inference that LVMPD is liable for the misconduct alleged.  Plaintiff has not alleged facts suggesting that LVMPD had any contact with the Los Angeles Police Department or that LVMPD committed five helicopters to following Plaintiff just to harass him for dating the former girlfriend of an officer in another state several years ago.  Plaintiff has also not plausibly pled any facts that would suggest LVMPD helicopters were monitoring him.  Plaintiff simply concludes that the helicopters—which were hovering high over a large city during a busy weekend—were conducting surveillance on him but he has not alleged any facts that support this inference. He does not allege he had any personal contact with any LVMPD officer or that the LVMPD harassed him in any other way.  Because the facts alleged in the complaint are merely consistent with LVMPD's liability but are not enough for the Court to draw the reasonable inference that LVMPD is liable for the misconduct alleged, this claim is dismissed.

In Plaintiff's second cause of action, he alleges that "Defendants . . . engaged in conduct with the intent to agree or conspire and with the intent to commit numerous wrongful acts," specifically to restrain Plaintiff and cause him emotional damage and substantial injury. (Compl. (#1) at 5).  "An actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts."  *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1210 (Nev. 1993).  "Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage."  *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983).  Yet the only defendants specifically named in this action are LVMPD and Las Vegas Air Unit, which Plaintiff alleges is simply a division of LVMPD.  (Compl. (#1) at 1).  As a division of LVMPD,

it cannot conspire with the LVMPD when acting on behalf of the organization and not individually.

Even if another party did exist with which LVMPD could conspire, Plaintiff has not plausibly alleged that any conspiracy existed with the objective of harming him or that damage resulted from the conspiracy. First, as noted above, the complaint does not allege sufficient facts that would allow the Court to draw the reasonable inference that LVMPD engaged in the misconduct alleged. Second, Plaintiff has not alleged that he was harmed by having helicopters hover above him while moving along public roads during his stay. Accordingly, Plaintiff has failed to state a claim for conspiracy.

In Plaintiff's third cause of action he alleges that LVMPD invaded his privacy by tracing his movements through his cell phone and by foot, car, and helicopter. (Compl. (#1) at 5-6). Plaintiff alleges these action violated his right to privacy in violation of 42 U.S.C. § 1983. (*Id.*). Yet Plaintiff has not pled anywhere in his complaint that LVMPD followed him by foot or by car and has not provided anything but naked assertions that LVMPD traced his movements through his cell phone. Although Plaintiff has alleged he was followed by helicopter, as noted above, the complaint does not plausibly plead facts suggesting that LVMPD was tracing Plaintiff.

In addition, even if Plaintiff had alleged sufficient facts suggesting his right to privacy had been violated, such a claim could not be brought under 42 U.S.C. § 1983 because Plaintiff has not alleged the unlawful conduct conformed with any official policy, custom or practice of LVMPD. A municipality may not be liable under 42 U.S.C. § 1983 under a theory of respondeat superior. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-95 (1978). A plaintiff who seeks to impose liability on a local government under § 1983 must prove that an " 'action pursuant to official municipal policy' caused the injury." *Connick v. Thompson*, - - - U.S. - - - -, 131 S. Ct. 1350, 1359 (2011) (citing *Monell*, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* The complaint nowhere alleges that the actions taken were performed pursuant to an official policy,

custom or practice of LVMPD and accordingly this claim must be dismissed.

In the fourth cause of action, Plaintiff seeks declaratory relief. (Compl. (#1) at 6). Specifically, Plaintiff seeks an order requiring LVMPD to cease tracing Plaintiff and prohibiting LVMPD from destroying or concealing relevant evidence pertaining to Plaintiff. (*Id.*). Yet claims for declaratory and injunctive relief are not independent causes of action, but are dependent upon Plaintiff's other claims. *See Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011); *Anderson v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 4386958, at *5 (D. Nev. 2010). As Plaintiff has failed to state a claim on his substantive causes of action, he has also failed to state a claim on his dependent cause of action for declaratory relief.

Because Plaintiff has failed to state a claim on any of his causes of action, the Court grants the motion to dismiss as to all named defendants without leave to amend, as any attempt to amend would prove futile.

In the alternative, the Court also dismisses the complaint in its entirety because Plaintiff has failed to comply with Nevada Local Rule 7-2(d). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiff has failed to file a response to the motion to dismiss and therefore is deemed to consent to the granting of the motion. Accordingly, the Court grants the motion to dismiss on this alternative ground.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to dismiss (#4) is GRANTED and all named defendants are hereby dismissed without leave to amend.

Dated: This 21st day of September, 2012.

_____
United States Chief District Judge